IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE   ENRON CORPORATION SECURITIES   LITIGATION | § § § | MDL-1446 |
| THIS DOCUMENT RELATES TO: | § § | |
| MARK NEWBY, ET AL.<br>　　　　Plaintiffs. | § § § | CIVIL ACTION NO. H-01-3624<br>AND CONSOLIDATED CASES |
| vs. | § § | |
| ENRON CORPORATION., ET AL.,<br>　　　　Defendants. | § § § | |
| CYNTHIA L. ADAMS, ET AL.,<br>　　　　Plaintiffs, | § § § | |
| VS. | § § | CIVIL ACTION NO. H-04-3331<br>COORDINATED |
| ARTHUR ANDERSEN, L.L.P., ET AL.,<br>　　　　Defendants. | § § § | |
| HAROLD AND FRANCIS AHLICH, ET AL.,<br>　　　　Plaintiffs, | § § § § | |
| VS. | § § | CIVIL ACTION NO. H-03-5334<br>CONSOLIDATED |
| ANDREW S. FASTOW, ET AL.,<br>　　　　Defendants. | § § § | |
| JANE BULLOCK, ET AL.,<br>　　　　Plaintiffs, | § § § | |
| VS. | § § | CIVIL ACTION NO. H-04-4455<br>COORDINATED |
| ARTHUR ANDERSEN, L.L.P., ET AL.,<br>　　　　Defendants. | § § § | |
| RICHARD CHOUCROUN, ET AL.,<br>　　　　Plaintiffs, | § § § | |
| VS. | § § | CIVIL ACTION NO. H-03-3320<br>COORDINATED |
| ARTHUR ANDERSEN, L.L.P., ET AL.,<br>　　　　Defendants. | § § | |

| | | |
|---|---|---|
| RUBEN AND IRENE DELGADO, ET AL., <br>     Plaintiffs, <br><br> VS. <br><br> ANDREW S. FASTOW, ET AL., <br>     Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-03-5335 <br> CONSOLIDATED |
| DON L. GUY, TRUSTEE FOR THE GUY FAMILY LIVING TRUST, ET AL., <br>     Plaintiffs, <br><br> VS. <br><br> ARTHUR ANDERSEN, L.L.P., ET AL., <br>     Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-04-3330 <br> COORDINATED |
| INVESTORS PARTNER LIFE INSURANCE COMPANY, ET AL., <br>     Plaintiffs, <br><br> VS. <br><br> KENNETH LAY, ET AL., <br>     Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-02-1364 <br> CONSOLIDATED |
| DAVID JOSE, ET AL., <br>     Plaintiffs, <br><br> VS. <br><br> ARTHUR ANDERSEN, L.L.P., ET AL., <br>     Defendants. | § § § § § § § § | CIVIL ACTION NO. H-03-1087 |
| JOHN AND PEGGY ODOM, ET AL., <br>     Plaintiffs, <br><br> VS. <br><br> ENRON CORPORATION, ET AL., <br>     Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-01-3914 <br> CONSOLIDATED |

| | | |
|---|---|---|
| MARY BAIN PEARSON AND JOHN MASON,<br>　　　　Plaintiffs,<br>VS.<br>ANDREW S. FASTOW, ET AL.,<br>　　　　Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-03-5332<br>CONSOLIDATED |
| PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO, ET AL.,<br>　　　　Plaintiffs,<br>VS.<br>ANDREW S. FASTOW, ET AL.,<br>　　　　Defendants. | § § § § § § § § § § | CIVIL ACTION NO. H-02-4788<br>COORDINATED |
| FRED AND MARIAN ROSEN, ET AL.<br>　　　　Plaintiffs,<br>VS.<br>ANDREW S. FASTOW, ET AL.,<br>　　　　Defendants. | § § § § § § § § § § | CIVIL ACTION NO. H-03-5333<br>CONSOLIDATED |
| JOE H. WALKER, ET AL.<br>　　　　Plaintiffs,<br>VS.<br>ARTHUR ANDERSEN, L.L.P., ET AL.,<br>　　　　Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-03-2345<br>CONSOLIDATED |
| AMERICAN NATIONAL INS. CO.<br>　　　　Plaintiff,<br>VS.<br>ARTHUR ANDERSEN, L.L.P., ET AL.,<br>　　　　Defendants. | § § § § § § § § § § | CIVIL ACTION NO. G-03-967 |

```
OFFICIAL COMMITTEE OF UNSECURED    §
CREDITORS OF ENRON CORP.,          §
          Plaintiff,               §
                                   §
VS.                                §      CIVIL ACTION NO. H-04-0091
                                   §
ANDREW S. FASTOW, ET AL.           §
          Defendants.              §
                                   §
                                   §
OKOMO,                             §
          Plaintiff,               §
                                   §
VS.                                §      CIVIL ACTION NO. H-03-3508
                                   §
BANK OF AMERICA,.                  §
          Defendant.               §
                                   §
                                   §
SILVERCREEK MANAGEMENT, INC.,      §
          Plaintiff,               §
                                   §
VS.                                §      CIVIL ACTION NO. H-03-3508
                                   §
CITIGROUP,                         §
          Defendant.               §
                                   §
                                   §
CONNECTICUT RESOURCES              §
RECOVERY AUTHORITY,                §
          Plaintiff,               §
                                   §
VS.                                §      CIVIL ACTION NO. H-03-1558
                                   §
KENNETH L. LAY, ET AL.,            §
          Defendant.               §
```

**OPINION AND ORDER**

Pending before the Court in each of the above referenced causes is Richard A. Causey's Motion to Stay Obligation to Respond to "opt-Out" complaints during pendency of criminal proceedings.

Mr. Causey asserts that for the same reason that the Court previously granted his motion to postpone discovery and stay responsive pleadings (#2058), it should grant this motion to stay

until all criminal proceedings against him are complete and he has exhausted any post-sentencing appeals.

In his criminal case Mr. Causey pleaded guilty to aiding and abetting securities fraud, has been sentenced to 66 months of incarceration (#1181 in CR-H-04-25) and to a forfeiture of $1,250,000 (#1174 in CR-H-04-25), and has been ordered to surrender to the custody of the United States Attorney General on January 2, 2007 (#1193 in CR-H-04-25).

Given the overlapping subject matter of civil and criminal proceedings, this Court in its discretion has previously applied a balancing test, weighing the protection of a Defendant's Fifth Amendment rights against Plaintiffs' interest in pursuing their civil damages claims, to resolve various Defendants' motions to stay parallel civil actions. *See, e.g.,* #570 and #1255 in H-01-3913; #5176 in H-01-3624. Among the factors considered by courts are (1) the nature of the proceedings, (2) how and when the Fifth Amendment is invoked and a stay of the civil proceedings requested, (3) the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible, including the interests of the civil plaintiff in proceeding expeditiously and potential prejudice to plaintiff from any further delay, and the hardship on the defendant, including the burden of defending if the parallel proceedings go forward at the same time; (4) the convenience of the civil and criminal courts; (5) the interests of third parties; (6) the public interest; (7) the good faith of the litigants; and (8) the status of the cases. *See, e.g., United States v. Certain Real Property*

*and Premises*, 55 F.3d 78 (2d Cir. 1995)(and cases cited therein); *Microfinancial, Inc. v. Premier Holidays International, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004)(and cases cited therein); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1088-89 (5th Cir. 1979).

The situation has changed substantially since the Court granted a number of Defendants' earlier filed motions to stay civil proceedings in MDL 1446.  For the reasons stated below, the Court finds the balance now weighs heavily in favor of permitting the civil *Newby* class action and the consolidated and coordinated cases to go forward against Mr. Causey. "In the absence of substantial prejudice to the rights of the parties involved, parallel proceedings are unobjectionable under our jurisprudence." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980).

The *Newby* action has already been pending for five years and is at a "late stage," with trial set in April 2007, while the other cases were filed at various times, but were stayed until class certification last summer.  Additional delay will only increase financial hardship to plaintiffs and add to the prejudice.  With the passage of time, inevitably witnesses become unavailable, memories fade, and the risk of documents being lost rises.  The Court necessarily has a strong interest in moving old cases along on its docket.  There is also a strong public interest in prosecution of *Newby* and the MDL 1446 member cases in view of the enormous losses by investors in Enron securities.  On the other hand, Causey has pleaded guilty in his criminal action and

has been sentenced.  At this stage the Court finds any risk to Causey is minimal in comparison to the prejudice of further delay to the civil Plaintiffs in the above referenced cases.

Accordingly, the Court

ORDERS that Causey's motions to stay obligation to respond to "opt-out" complaints during pendency of criminal proceedings are denied.  Causey shall file responsive pleadings in all cases where he has not done so within thirty days of this order.

**SIGNED** AT Houston, Texas, this 12th day of December, 2006.

                                                MELINDA HARMON
UNITED STATES DISTRICT JUDGE